UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

**RODNEY ORR**,

Plaintiff,

v.

**TRACY SELVES; MARK NOOTH; DARIN CHRISTOFFERSON; COLETTE PETERS; JOE CAPPS; UNIT OFFICER JACOBY; UNIT OFFICER MILLER; UNIT OFFICER DOHERTY; UNIT OFFICER MOORE; OFFICER HANNON; COUNSELOR LINDA; UNIT OFFICER FRETAG; UNIT OFFICER CAROL; COUNSELOR CHIP; DR. MATSANAGA**,

Defendants.

Civil Case No. 6:12-CV-01273-KI

OPINION AND ORDER

Rodney Orr, #7850955
Oregon State Penitentiary
2605 State Street
Salem, Oregon 97310-1346

Pro Se Plaintiff

Ellen F. Rosenblum
Attorney General
Robert E. Sullivan
Senior Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, Oregon 97301-4096

Attorneys for Defendants

KING, Judge:

Plaintiff Rodney Orr, an inmate at Oregon State Penitentiary ("OSP"), brings this case against numerous employees of the Oregon Department of Corrections ("ODOC") located at OSP and Snake River Correctional Institution ("SRCI"), where Orr was previously incarcerated. Orr alleges a series of Eighth Amendment claims that defendants either instigated other inmates to break into Orr's cell and poison his food and utensils or ignored Orr's requests for help to stop the poisonings. Before the court is Defendants' Motion for Summary Judgment [56].

## LEGAL STANDARDS

Summary judgment is appropriate when there is no genuine dispute as to any material fact and the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(a). The initial burden is on the moving party to point out the absence of any genuine dispute of material fact. Once the initial burden is satisfied, the burden shifts to the opponent to demonstrate through the production of probative evidence that there remains a fact dispute to be tried.

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). On a motion for summary judgment, the court "must view the evidence on summary judgment in the light most favorable to the non-moving party and draw all reasonable inferences in favor of that party." Nicholson v. Hyannis Air Serv., Inc., 580 F.3d 1116, 1122 n.1 (9th Cir. 2009) (internal quotation omitted).

**DISCUSSION**

A prison official violates the Eighth Amendment if he shows deliberate indifference to a substantial risk of serious harm to an inmate. Farmer v. Brennan, 511 U.S. 825, 828, 114 S. Ct. 1970 (1994).

> "Deliberate indifference" has both subjective and objective components. A prison official must "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and . . . must also draw the inference." Farmer, 511 U.S. at 837, 114 S. Ct. 1970. Liability may follow only if a prison official "knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Id. at 847, 114 S. Ct. 1970.

Labatad v. Corr. Corp. of America, 714 F.3d 1155, 1160 (9th Cir. 2013).

Defendants argue there is no objective evidence to support Orr's claim he was poisoned repeatedly with the tacit or express approval of sixteen ODOC employees–including unit officers, medical and behavioral health providers, a superintendent, and an agency director–at two different ODOC facilities. Defendants support their argument with the declaration of Dr. Daryl Ruthven, a psychiatrist employed by ODOC as the Chief Psychiatrist for Behavioral Health Services.

Dr. Ruthven reviewed Orr's mental health records, examined him on August 27, 2012, and diagnosed Orr as follows: Axis I: (297.1), Delusional Disorder, persecutory type; Axis II: (799.90) Diagnosis deferred (antisocial and narcissistic traits). Dr. Ruthven explained:

> 10. In my assessment, I saw no evidence to support the diagnosis of schizophrenia. He has a consistent pattern of complaining of inmates and staff adulterating his food and possessions over the past nine years without complaining of, or being observed to display hallucinations, bizarre beliefs, withdrawn, asocial, or otherwise negative symptom clusters. Although it is possible that at least some of his complaints are reality-based, it is quite unlikely to have occurred in the quantity and frequency that he insists. In a closed environment like a prison it would be markedly difficult for nine years of such harassment (necessarily involving a fair number of different staff in different locations) to be kept hidden.
>
> 11. In my opinion, Mr. Orr's overall presentation is most consistent with a delusional disorder, persecutory type. Age of onset, consistency of complaints in different locales and with different staff and inmates, lack of other positive or any negative symptoms generally seen with chronic schizophrenic spectrum disorders, preservation of intellect and social skills, all point to a delusional disorder. The presence of malingering is certainly considered, but I do not feel it adequately explains the consistency of his complaints. I certainly could not say that he would not exaggerate his complaints to facilitate a desired result but I feel that would be an opportunistic as opposed to a causative factor.

Ruthven Decl. at 4.

Orr insists his belief that others have tampered with and are continuing to tamper with his food is not delusional. He has no other evidence to back up his allegations, however. There is no objective evidence of the poison from the numerous instances in which Orr claims it was put into his food or onto his utensils, there is no evidence Orr ever received medical treatment for being poisoned, and there is no evidence any inmates were punished for poisoning Orr. I find his belief is insufficient to create a factual issue, when viewed against Dr. Ruthven's review of Orr's medical records and Dr. Ruthven's diagnosis that Orr suffers from a delusional disorder which causes this belief. See Scott v. Harris, 550 U.S. 372, 380, 127 S. Ct. 1769 (2007) ("When opposing parties tell two different stories, one of which is blatantly contradicted by the record [here, a videotape from the police car], so that no reasonable jury could believe it, a court should

not adopt that version of the facts for purposes of ruling on a motion for summary judgment."). No reasonable jury would believe Orr over Dr. Ruthven.

Thus, there is no factual issue that Orr faced a substantial risk of serious harm. I grant summary judgment and dismiss all claims alleged against all defendants.

**CONCLUSION**

Defendants' Motion for Summary Judgment [56] is granted. This action is dismissed with prejudice.

IT IS SO ORDERED.

Dated this 7th day of January, 2014.

/s/ Garr M. King
Garr M. King
United States District Judge